UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER MCDANIEL,                    Case No. 5:21-cv-12723

        *Plaintiff,*                         Judith E. Levy
                                    United States District Judge
      *v.*

M. ELIZABETH WRIGHT,                     Patricia T. Morris
                                    United States Magistrate Judge

        *Defendant.*
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT MOTION FOR SUMMARY JUDGMENT (ECF No. 34)

## I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Summary Judgment Motion (ECF No. 34) be **GRANTED**.

## II.    REPORT

### A. Introduction

Plaintiff Christopher McDaniel is a prisoner in the custody of the Michigan Department of Corrections ("MDOC").  (ECF No. 1, PageID.2).  He filed this action under 42 U.S.C. § 1983, alleging violation of his First Amendment right to freedom of speech, Eighth Amendment right to be free from cruel and unusual punishment, and Fourteenth Amendment right to due process.  (*Id.* at PageID.3).  The Court *sua*

1

*sponte* dismissed Plaintiff's retaliation claims related to the alleged violation of his First Amendment right to freedom of speech.  (ECF No. 9, PageID.62–63).  He then filed an amended complaint naming only Defendant M. Elizabeth Wright, in his individual capacity only, and alleging violation of his Eighth Amendment right to be free from cruel and unusual punishment, and deliberate indifference.  (ECF No. 12, PageID.81–82).

Wright filed a motion for summary judgment arguing that McDaniel failed to carry his burden to prove his claim that Wright was deliberately indifferent to his medical condition and thus violated his Eighth Amendment right to be free from cruel and unusual punishment.  (ECF No. 34).  The motion is fully brief and ready for adjudication.

### B. Procedural and Factual Background

On the evening of February 5, 2021, Correction Officer ("C.O.") Wright, while doing his rounds, noticed McDaniel's television was still on.  (ECF No. 12, PageID.85).  He struck McDaniel's bunk to awaken him.  (*Id.*).  This caused McDaniel to awaken with a start, and led him to seek emergency medical assistance for his heart condition.  (*Id.*).  McDaniel represents that Wright was aware of his health issues, and had ignored the warnings from Medical as well as McDaniel's own warnings by way of the notice he placed outside of his bed area.  (*Id.*)  Further, when asked why he slapped McDaniel's bunk, Wright responded "he did not care."

2

(*Id.*).  McDaniel was then forced to walk about two and half blocks to the Control Center to seek medical assistance from staff, where he lost consciousness and hit his head.  (*Id.*).  He was transferred to Henry Ford Hospital after being awakened by staff.  (*Id.*).  McDaniel seeks monetary and punitive damages.  (*Id.* at PageID.90).

## C. Legal Standard

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists.  Fed. R. Civ. P. 56(a).  In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case."  *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted).  In making its determination, a court may consider the plausibility of the movant's evidence.  *Matsushita*, 475 U.S. at 587–88.  Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof.  *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Instead, the non-moving party has an obligation to present "significant

3

probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D.N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not . . . 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence is nor sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine

4

whether genuine issues of material fact exist.  *Street*, 886 F.2d at 1479–80.  The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992).  After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 13010 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251–52).  Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### D. Analysis

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).  "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation

and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

Under the objective component, the plaintiff must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

The subjective element of a deliberate indifference claim requires a plaintiff to demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." *Comstock*, 273 F.3d at 703. Indeed, the plaintiff must establish that "prison officials have a sufficiently culpable state of mind in denying medical care." *Jones v. Muskegon Cnty.*, 625 F.3d 935, (6th Cir. 2010). A culpable state of mind requires obduracy and wantonness, not mere inadvertence. *Gibson v. Foltz*, 923 F.2d 851, 853 (6th Cir. 1992). A plaintiff need not show that an official acted with the purpose or knowledge of causing harm; recklessness in disregarding a substantial risk will suffice. *Comstock*, 273 F.3d at 703 (quoting *Farmer*, 511 U.S. at 835) (holding that official must know of and disregard an excessive risk to inmate health or safety)).

### 1. Plaintiff Fails to Satisfy the Objective Component

To support the objective component of his Eighth Amendment cruel and unusual punishment violation claim McDaniel contends he "provided a plethora of documents showing the heart rhythm problems [he] was enduring." (ECF No. 36, PageID.300). However, he fails to either attach medical records or include citations to the record to support this contention. In fact, the medical records attached to Wright's motion undermine Plaintiff's contention that he suffered any medical incident on the evening of February 5, 2021. (ECF No. 34-4, PageID.251). The medical notes state that the final diagnosis was palpitations, and McDaniel did not suffer from tachycardia. (*Id.*). Further, McDaniel had a "[n]ormal appearing cardiopulmonary exam" and could be "considered [a] low risk cardiac patient." (*Id.*). McDaniel also had a normal appearing EKG and "[g]iven [McDaniel's] current description of symptoms, as well as precipitating events and risk factors, [the medical provider did] not suspect serious underlying pathology at [that] time." (*Id.*). McDaniel did not proffer any evidence to counter this medical evidence nor does he put forward evidence to demonstrate he suffered from a serious heart condition or suffered any harm after being awoken by Wright. (ECF No. 34-3, PageID.232, 240). In fact, he testified that his body had "calmed down" and his heart was no longer racing once he reached the medical center. (*Id.* at PageID.240). Moreover, he testified that the symptoms he alleged experienced were similar to the symptoms he would have experienced had someone "surprised" him. (*Id.* at PageID.242).

7

Plaintiff does not present any evidence to satisfy the objective component of the deliberate indifference claim and in fact the record shows that Wright's actions did not create a condition which posed a risk to McDaniel's health.

## 2.  Plaintiff Fails to Satisfy the Subjective Component

As Wright appropriately highlights, the record is void of evidence supporting or demonstrating that he was aware of and disregarded an excessive risk to McDaniel's health.   McDaniel's response to the summary judgment motion comprises of nothing more than conclusory statements and conjecture.   (*See generally* ECF No. 36).  In regard to Wright's knowledge of his condition, McDaniel contends "Wright was well aware [he] was ill."  (*Id.* at PageID.296).   Further, McDaniel states that he warned all of the staff about his heart condition but Wright did not take him seriously.  (*Id.* at PageID.298).  But McDaniel proffers no evidence to support this contention aside from his say so.  Wright on the other hand offers a signed affidavit stating that

> At no time did [Wright] receive any information or document from either medical or supervision corroborating McDaniel's claim that he had a medical condition.  Further, when asked. McDaniel could not and did not provide any documentation of a medical condition.

(ECF No. 34-2, PageID.212).  McDaniel's allegations are insufficient to survive the summary judgment stage. *Little v. Eerdmans*, No. 1:22-cv-697, 2023 WL 3984818, at \*2 (W.D. Mich. May 23, 2023) (summary judgment in favor of Defendant was

recommended as Defendant demonstrated the absence of any genuine factual dispute on the question of whether he was subjectively aware that Plaintiff faced any danger or threat to his safety and Plaintiff failed to present evidence to the contrary).

### E.   Conclusion

For these reasons, I recommend **GRANTING** Defendant Wright's motion for summary judgment (ECF No. 34).

## III.   <u>REVIEW</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."   Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).   Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).   Pursuant

to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 5, 2024                     S/ PATRICIA T. MORRIS
                                        Patricia T. Morris
                                        United States Magistrate Judge