UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Christopher McDaniel,

          Plaintiff,        Case No. 21-cv-12723

v.                                Judith E. Levy
                                United States District Judge

M. Elizabeth Wright,
                                Mag. Judge Patricia T. Morris

          Defendant.

_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION [38]</u>**

      Before the Court is Magistrate Judge Patricia T. Morris' Report and Recommendation (ECF No. 38) recommending the Court grant Defendant M. Elizabeth Wright's motion for summary judgment. (ECF No. 34.) The parties were required to file specific written objections, if any, within fourteen days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). No objections were filed. The Court has nevertheless carefully reviewed the Report and Recommendation. Although the Court concurs in the reasoning and result, the Court briefly clarifies three issues below.

      First, the Report and Recommendation states that Plaintiff Christopher McDaniel "is a prisoner in the custody of the Michigan

Department of Corrections ('MDOC')." (ECF No. 38, PageID.317 (citing ECF No. 1, PageID.2).) The events at issue in the case took place when Plaintiff was a prisoner in MDOC custody. (*See* ECF No. 12.) However, Plaintiff is currently on parole. (ECF No. 34, PageID.187.)

Second, the Report and Recommendation addresses Plaintiff's claim that Defendant was deliberately indifferent to his medical condition. (*See* ECF No. 38, PageID.318.) In analyzing this claim, the Report and Recommendation discusses the legal standard for deliberate indifference to an inmate's serious medical needs under the Eighth Amendment. (*See id.* at PageID.321–322.) The Court adds that "[f]or the objective prong of a claim for deliberate indifference to a serious medical need, 'the plaintiff must show that the medical need is "sufficiently serious."'" *Zakora v. Chrisman*, 44 F.4th 452, 478 (6th Cir. 2022) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 591 (6th Cir. 2021)), *cert. denied sub nom. Chrisman v. Est. of Zakora*, 143 S. Ct. 2608 (2023). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390

2

F.3d 890, 897 (6th Cir. 2004)). Even if the Court assumes that Plaintiff's heart palpitations (ECF No. 12, PageID.102) and tachycardia (ECF No. 34-3, PageID.232, 240–242, 244) satisfy the deliberate indifference standard's objective prong, Plaintiff fails to point to evidence that satisfies the subjective prong. Specifically, Plaintiff does not show that Defendant was "both . . . aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that Defendant] also dr[e]w the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Moreover, Plaintiff testified during his deposition that when he told Defendant he needed a doctor, Defendant "got the doctor." (ECF No. 34-3, PageID.234.) This information further supports the Report and Recommendation's conclusion.

Finally, the Report and Recommendation does not address Defendant's argument that Plaintiff's "excessive force claim . . . fails as a matter of law and should be dismissed." (ECF No. 34, PageID.189.) To the extent Plaintiff asserts a separate Eighth Amendment claim alleging that he was subjected to "cruel and unusual punishment" through Defendant's use of force (*see* ECF No. 12, PageID.82), such a claim does not survive summary judgment. To prevail on a use-of-force claim under

3

the Eighth Amendment, a plaintiff must show, among other things, that the defendant "exerted [force] maliciously and sadistically to inflict pain." *Johnson v. Sootsman*, 79 F.4th 608, 616 (6th Cir. 2023) (citing *Hudson v. McMillian*, 503 U.S. 1, 5–7 (1992)). Here, Plaintiff does not identify any evidence from which a reasonable jury could conclude that Defendant acted "maliciously and sadistically to inflict pain." *Id.* Therefore, summary judgment for Defendant on this potential claim is appropriate, and Judge Morris' decision to not address this additional theory provides no basis for the Court to reject the Report and Recommendation.

Accordingly, the Report and Recommendation (ECF No. 38) is ADOPTED together with the contents of this order. Defendant's motion for summary judgment (ECF No. 34) is GRANTED. This case is hereby DISMISSED.[1]

IT IS SO ORDERED.

Dated: September 9, 2024      s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                    United States District Judge

---

[1] By failing to object to the Report and Recommendation, the parties have forfeited any further right of appeal. *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019); *see also Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019).

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 9, 2024.

        s/Jennifer McCoy
        JENNIFER MCCOY
        Case Manager